[756 NYS2d 226]

In the Matter of STEPHEN VASAK (Admitted as STEPHEN VASAK, JR.), an Attorney, Resignor.

Second Department, January 27, 2003

**APPEARANCES OF COUNSEL**

*Stephen Vasak*, resignor pro se.

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Stephen Vasak has submitted an affidavit dated October 7, 2002, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Vasak was admitted

to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 14, 1979, under the name Stephen Vasak, Jr.

Mr. Vasak avers that his resignation is submitted voluntarily, free from coercion and duress, after reviewing the affidavit with counsel, and with a full awareness of the implications of its submission. He is aware of a pending investigation by the Grievance Committee into allegations of professional misconduct concerning breach of his fiduciary duty by failing to maintain an adequate balance in his attorney trust account.

Mr. Vasak acknowledges that he could not successfully defend himself on the merits of charges predicated upon the aforementioned allegations. He is aware that the Court, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the New York Lawyers' Fund for Client Protection for same. Mr. Vasak is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Counsel for the Grievance Committee notes that during Mr. Vasak's testimony on April 10, 2001, May 7, 2002, and May 29, 2002, he made admissions concerning his breach of fiduciary duty by, among other things, failing to maintain an adequate balance in his attorney trust account. The Grievance Committee supports acceptance of Mr. Vasak's resignation as being the most expeditious way to conclude this matter in order to save the Court's time and expense while protecting the public.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted, Stephen Vasak is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the resignation of Stephen Vasak is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen Vasak is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Stephen Vasak shall promptly comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen Vasak is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the resignor's request for an extended period of time in which to conclude his practice is denied.